**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**EVERY DONELLE RICHARDSON**
**ADC # 139311**                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:12CV00096 DPM/BD**

**AMANDA PEVEY, et al.**                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Discussion:

Every Donelle Richardson, an Arkansas Department of Correction ("ADC")
inmate, filed this lawsuit under 42 U.S.C. § 1983, alleging that in June 2011, he was
improperly disciplined for engaging in a homosexual act with another inmate.  Mr.
Richardson claims that he was convicted of the charge without sufficient evidence  and
that the disciplinary was wrongly upheld on appeal.  In addition, he complains that ADC
officials failed to abide by ADC policy when they extended the investigation of the
incident for eighty-five days, without prior approval.

As a result of his disciplinary conviction, Mr. Richardson was sentenced to thirty
days in punitive isolation; and his commissary, telephone, and visitation privileges were
suspended for sixty days.  He names as Defendants: the nurse who reported the alleged
improper conduct, Amanda Pevey; the disciplinary hearing officer, Minnie Drayer; and
the disciplinary hearing administrator, Raymond Naylor.  Mr. Richardson seeks both
injunctive relief and compensatory damages.

To prevail on a fourteenth amendment due process claim, a prisoner must show
that a government actor unlawfully deprived him of life, liberty, or property.  *Phillips v.*

*Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  Here Mr. Richardson claims that he was

deprived of liberty without due process.  *Id*.

A prisoner's liberty interests are limited to freedom from restraint that "imposes an

atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence."

*Sandin v. Conner*, 515 U.S. 472, 487 (1995).  Here, Mr. Richardson complains that he

was improperly sentenced to punitive isolation and that he temporarily lost commissary,

telephone, and visitation privileges.

Assuming all allegations in the Complaint to be true, Mr. Richardson cannot

prevail on his due process claim.  The changes made to his conditions of confinement –

his assignment to punitive isolation and loss of privileges –  cannot support a federally

protected right.

Here is why.  Placement in punitive isolation for a relatively short time, even if it

means a temporary suspension of privileges, is not the type of "atypical and significant"

hardship that triggers due process protection.  See *Phillips v. Norris*, 320 F.3d 844, 847

(8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)

(demotion to segregation alone, even without cause, was not an atypical and significant

hardship); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (thirty days in

punitive segregation was not an atypical and significant hardship under *Sandin*); and

*Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff

3

failed to state a due process claim, even though assigned to administrative segregation for nearly nine months).

Punitive isolation aside, Mr. Richardson had no liberty interest in commissary, telephone, or visitation privileges.  See *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir.1996) (no right to a prison snack or gift shop); *Cato v. Watson*, 212 Fed. Appx. 258, 259–60 (5th Cir. 2006) (no liberty interest in commissary privileges); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no liberty interest in contact visitation); and *Henson v. Manus*, 2009 WL 530374, *4 (E.D.Ark. March 3, 2009) (sixty-day restriction of inmate's commissary, telephone, visitation, and recreation privileges was not an atypical, significant deprivation).  Without an underlying liberty interest, Mr. Richardson cannot prevail on his due process claim.[1]

Mr. Richardson also claims that officials failed to abide by ADC policies and procedures when they continued to investigate the incident reported by Nurse Pevey beyond the seventy-two-hour period allowed by prison policy.  According to Mr. Richardson, officials were required to request and obtain approval to continue the investigation beyond seventy-two hours; but instead, they investigated his misconduct for eighty-five days without a valid extension.

---

[1]  Mr. Richardson also states that Defendants violated his eighth amendment rights, but he does not provide any facts to support this claim.

4

Even if prison officials flouted ADC policies, that fact does not bolster Mr. Richardson's claims. The Constitution does not require prison officials to follow internal prison policies and procedures.[2] *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

**III.** **Conclusion:**

The Court recommends that Mr. Richardson's claims be summarily DISMISSED, with prejudice, and that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). In addition, the Court should certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 15th day of March, 2012.

_____

UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Richardson also complains that prison officials ran afoul of still another ADC regulation – one that required the person with the most knowledge of alleged misconduct to charge the prisoner with the violation. Here, Nurse Pevey, who was witnessed the incident, was not the charging officer. Again, this claim fails for reasons already explained. See *McClinton v. Arkansas Dep't of Corr.*, *supra.*